FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 DEC 29 AM 9: 41

U.S. DISTRICT COURT
N.O. OF ALABAMA

ENTERED

DEC 2 9 1998

| | | |
|---|---|---|
| DON LEONARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| | ) | |
| TOWN OF MARGARET, et al., | ) | 98-C-0488-S |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT
TO THE TOWN OF MARGARET**

On March 2, 1998, the plaintiff, Don Leonard, brought
this action under 42 U.S.C. § 1983 alleging that the defendants,
the Town of Margaret ("Town") and its Town Council ("Council"), had
violated his constitutional right to due process.  Pending before
the Court is the Town's Motion For Summary Judgment.[1]  Upon careful
consideration of all submitted materials, affidavits, and briefs,
this Court concludes that the Town of Margaret is entitled to
summary judgment as a matter of law based on the undisputed facts.

_____

[1] The Court dismissed the Council as a defendant on June 23, 1998.

20

I.   Factual and Procedural Background

The plaintiff was the police chief for the Town up until February 1996, when he was suspended with pay pending a hearing. Defendant's Exhibit "DE" 1.  On February 16, 1996, the plaintiff was mailed a notice indicating his hearing date and specifying the charges against him, which include: failure to perform duties, conducting a personal relationship with the opposite sex while on duty, targeting members of the Council for discriminatory enforcement of traffic laws, reporting to duty with alcohol on his breath, and using racial slurs and other offensive speech in public while on duty.  DE 1.  At the February 26, 1996, hearing, the plaintiff was allowed to present his case, including any supporting witnesses and evidence.  The Council voted to terminate him.

The plaintiff filed a petition for a writ of certiorari to the Circuit Court of St. Clair County, Alabama.  DE 3.  The plaintiff primarily alleged that the hearing before the Council was arbitrary and capricious.  Specifically, the plaintiff claimed that because several members of the Council had personally brought charges and served as witnesses against him, the Council's judgment

was biased.[2]   DE 7.   The Circuit Court affirmed the Council's

termination decision.   DE 4.   On December 17, 1997, the plaintiff

filed a petition for a writ of certiorari in the Alabama Supreme

Court, which was dismissed on December 18 on procedural grounds.

DE 6.   Shortly thereafter, the plaintiff initiated this proceeding

in federal court.

II.

The law governing summary judgment is well settled.

Summary judgment is appropriate where the movant demonstrates that

there is no genuine issue as to any material facts, and that, based

upon the undisputed facts, the movant is entitled to judgment as a

matter of law.  See Earley v. Champion Int'l Corp., 907 F.2d 1077,

1081 (11th Cir, 1990).   Once the movant has met its burden of

establishing the lack of a genuine issue as to any material facts,

the non-moving party must come forward with significant, probative

evidence demonstrating the existence of a triable issue of material

fact.  See Chanel, Inc. v. Italian Activewear, Inc., 931 F.2d 1472,

---

[2] Although the plaintiff claims that the Council was biased against him, the Council exonerated him of 5 of the 8 charges, including those brought by Council members.  Plaintiff's Brief ¶ 8.

1477 (11th Cir. 1991).   The Court must view the facts in a light favorable to the non-moving party.

III.

After reviewing the entire record, and considering the evidence in a light most favorable to the plaintiff, this Court finds that the Town is entitled to judgment as a matter of law for the reasons below.

First, the plaintiff's substantive due process claim is barred by the doctrine of res judicata.   The plaintiff's § 1983 claim arises out of an alleged substantive due process violation, the same issue that was raised before the state appellate court. The parties are identical.   The merits of the claim were fully addressed by the state circuit court.   Therefore, the doctrine of res judicata applies, with all its preclusive vigor.   Therefore, based on the doctrine of res judicata, this Court will not consider the claim.

Wholly aside from the doctrine of res judicata, in McKinney v. Pate, 20 F.3d 1550, 1560 (11th Cir. 1994), the Eleventh Circuit held that a pretextually terminated employee has no substantive due process right to challenge his termination hearing.

4

Binding precedent therefore leaves the plaintiff with only one recourse to challenge the fairness of his termination hearing: a claim of violation of his right to procedural due process, Adams v. Sewell, 946 F.2d 757, 764 (11th Cir. 1991).

Procedural due process has two components: (1) notice of the charges, and (2) an opportunity to be heard.  Both components are abundantly satisfied by the facts and circumstances of this case.

### Conclusion

Based on the foregoing, there being no disputed issue of fact and the Town being entitled to judgment as a matter of law, the defendant's Motion For Summary Judgment will be granted by separate order.

DONE this ____28th____ day of December, 1998.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON